IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,085-03






EX PARTE LLOYD FORREST LOWE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR24975 IN THE 75TH DISTRICT COURT


FROM LIBERTY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and burglary of a habitation, and sentenced to imprisonment for seventy and thirty-five
years, respectively. The Ninth Court of Appeals affirmed his convictions. Lowe v. State, No. 09-06-00122-CR (Tex. App.-Beaumont, delivered Nov. 11, 2006, no pet.).

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to: (1) investigate reports prepared by Sheriff Deputy Phillip Fairchild and Texas
Ranger Grover Huff; (2) subpoena Huff; (3) question Fairchild about inconsistent statements David
Roberts made; (4) impeach Roberts with his inconsistent statements; (5) argue that Applicant was
under duress and not a willing participant in the offenses; and (6) timely object when a State witness
testified that she had seen several mug shots of Applicant. 

 On April 2, 2008, we remanded this application and directed the trial court to make findings
of fact and conclusions of law. On remand, trial counsel responded to Applicant's claims in an
affidavit and stated that "the record of the trial reflects to the contrary." He also stated that he
questioned Fairchild and Huff "very extensively." In its findings of fact and conclusions of law, the
trial court concluded that trial counsel was not ineffective and recommended that this Court deny
relief. 

 We believe the record is not sufficient to resolve Applicant's claims. The trial court did not
make findings of fact, and counsel did not specifically respond to Applicant's claims. Accordingly,
the trial court shall provide Applicant's trial counsel with a second opportunity to respond to
Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make specific findings of fact as to whether trial counsel failed to: (1)
investigate reports prepared by Sheriff Deputy Phillip Fairchild and Texas Ranger Grover Huff; (2)
subpoena Huff; (3) question Fairchild about inconsistent statements David Roberts made; (4)
impeach Roberts with his inconsistent statements; (5) argue that Applicant was under duress and not
a willing participant in the offenses; and (6) timely object when a State witness testified that she had
seen several mug shots of Applicant. The trial court shall then determine whether the performance
of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The reporter's record of
Applicant's trial shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: February 11, 2009

Do not publish